### AFFIDAVIT OF SPECIAL AGENT JAMES MATTSON

I, James Mattson, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since November 2005. I am currently assigned to the Worcester Satellite Office of the Springfield Field Office, in Worcester, Massachusetts, where I am responsible for conducting criminal investigations, including those related to federal firearms, arson, and explosives violations. During my tenure as an ATF Special Agent, I have participated in numerous criminal investigations including arson, explosives, drugs, firearms, and other unlawful activities. I have participated in numerous searches, arrests and seizure warrants involving a variety of offenses

2. I submit this Affidavit in support of a criminal complaint charging Nial LUU (born 1991) with unlawful possession of ammunition by a person subject to a court order restraining him from harassing stalking, or threatening an intimate partner, in violation of 18 U.S.C. § 922(g)(8)(B) (the "Subject Offense").

3. The statements in this affidavit are based upon my investigation, as well as information provided by other law enforcement officers. Since I submit this affidavit for the limited purpose of establishing probable cause to believe that LUU has committed the Subject Offense, I have not included every fact known to me concerning this investigation. Instead, I have set forth only those facts that I believe are necessary to establish the requisite probable cause for the issuance of the requested complaint.

## RELEVANT STATUTE

4.      Title 18, United States Code, Section 922(g)(8) prohibits the possession or receipt of any firearm or ammunition, which has been shipped or transported in interstate or foreign commerce, by a person who:

> Is subject to a court order that (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person . . . or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner . . .; and (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner . . .; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner . . . that would reasonably be expected to cause bodily injury . . . .

18 U.S.C. § 922(g)(8).

## STATEMENT OF PROBABLE CAUSE

5.      On April 12, 2021, following a hearing, the Superior Court of California, Los Angeles County issued a domestic violence restraining order against LUU in Case Number 20PDR001225 (the "Order"). The Order indicates that LUU was provided notice of the hearing and that evidence of such notice was presented at the time of the hearing on April 12, 2021.

6.      The Order was served upon LUU on June 2, 2021. The Order expires on April 12, 2024, and restrains LUU from assaulting, threatening, abusing, harassing, following, interfering, or stalking the victim –a former intimate partner of LUU. The Order further notified LUU that he is prohibited from possessing or receiving firearms under 18 U.S.C. § 922(g)(8)(B).

7.      On May 31, 2023, the Court issued three warrants authorizing ATF personnel to search LUU's person, LUU's residence at 68A Millbury Avenue, Apartment 304C, Millbury,

Massachusetts (the "Subject Premises), and his vehicle, a 2018 black Toyota Corolla with Massachusetts Registration 3JKK48 (the "Subject Vehicle").

8. On June 1, 2023, agents executed the search warrants. The Subject Premises, which is leased in LUU's mother's name, is comprised of a living room, kitchen, two bedrooms, and a bathroom. LUU's mother's belongings appeared to be kept in the main bedroom; however, based on their observations of LUU's use of the Subject Premises and condition of the main bedroom, it is unclear whether LUU's mother presently resides at the Subject Premises.

9. Agents observed a single bed and multiple computers set up in the living room. Based on the condition of the living room and the second bedroom, agents believe that LUU was using the front living room as his bedroom.

10. The second bedroom was blocked by various boxes, which agents moved to gain entry. Inside the second bedroom, agents recovered approximately 200 rounds of 5.56 mm ammunition, capable of being fired from an AR 15-style rifle, and marked as "green tipped" or armor-piercing; and approximately 300 rounds of 9 mm ammunition. Agents also located various component parts necessary to assemble multiple AR-15 style rifles (including lower receivers) and Glock-style 9 mm handguns, as well as four 30-round magazines compatible with an AR-15-style rifle.

11. Inside the Subject Vehicle, agents recovered empty magazines for a Glock-style handgun.

12. All of the recovered ammunition appeared to be commercially manufactured. In my training and experience, I know that no commercially manufactured ammunition is produced in Massachusetts.

## CONCLUSION

13.     Based on the information described above, there is probable cause to believe that on June 1, 2023, Nial LUU unlawfully possessed ammunition, which had been previously shipped or transported in interstate or foreign commerce, while subject to a court order restraining him from harassing stalking, or threatening an intimate partner, in violation of 18 U.S.C. § 922(g)(8)(B).

I declare that the foregoing is true and correct.

*James Mattson*
Special Agent James Mattson
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn before me by telephone in accordance with Federal Rules of Criminal Procedure 41(d)(3) and 4.1 this __1st__ day of June, 2023     2:52 p.m.

_____
HONORABLE DAVID H. HENNESSY
United States Magistrate Judge