UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>NIAL LUU )<br>) | No. 4:23-mj-04298-DHH |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON CONDITIONS**

Defendant, Nial Luu, respectfully requests this Court to release him on the following conditions pursuant to 18 U.S.C. § 3142:

1. Mr. Luu agrees to reside at his home address of 68A Millbury Avenue, #304C, Millbury, MA 01527;

2. Mr. Luu agrees to maintain a steady employment;

3. Mr. Luu agrees to surrender all firearms, ammunition, and firearm components;

4. Mr. Luu agrees to have no contact with his former partner in California; and,

5. Mr. Luu agrees to not leave the state of Massachusetts for the remainder of the current case.

In support of his request for pretrial release on conditions, Mr. Luu offers the reasons below:

1

**ARGUMENT**

Pursuant to U.S.C. § 3142, "the judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning:

### 1. The nature and circumstance of the offense charged.

While the Defendant appreciates the Government's concern over the allegedly unlawful possession of ammunition, the nature of the offense and the Defendant's conduct from 2020 to 2022 do not warrant pretrial detention today. There is no allegation that the Defendant has used the ammunition in question or threatened to use it. There is no evidence that the ammunition was purchased recently, or that the Defendant possessed a working firearm within the last year. While allegedly unlawful, the possession of ammunition was not tied to any act or threat of violence.

Perhaps recognizing the lack of an imminent dangerousness to the nature of the Defendant's charged conduct, the Government has also sought to introduce evidence of the Defendant's alleged behavior from 2020 to 2022. This evidence, while upsetting, fails to show that the Defendant represents a danger to anyone in June of 2023.

To begin, the Government's exhibits evidence that until sometime in 2022, the Defendant was in a toxic relationship with a woman in California that resulted in a restraint order and a series of inappropriate emails between the Defendant and the woman's counsel. After July of 2022, there is no further contact between the Defendant, the woman in question, and the woman's counsel. For almost a year, the Defendant has abided by the restraint orders requirement that he have no contact with her.

The Government has also submitted police reports where the Defendant allegedly resisted arrest and engaged in the use of stolen license plates from December 2020 to January 2021. There is no evidence submitted that the Defendant has continued to engage in the use of stolen license plates or that he was resistant upon arrest for the current matter. In fact, the Defendant has no entries on his criminal record in 2022 or 2023.

2. **The history and characteristics of the person**

The Defendant is a lifelong resident of Worcester County, a college graduate, devoted son, and successful employee. See attached letters of support. Aside from the period of time he attended the University of New Hampshire, the Defendant resided at the same apartment in Millbury with his mother. The Defendant graduated UNH with a degree in nutritional sciences with a pre-med concentration. Upon graduation, he worked first as an EMT for Fallon and then as a COVID test-taker. For the last year, however, he has worked as a nurse recruiter for Trinity Health. The Defendant is also a patient at UMass Hospital in Worcester, where he has seen a therapist, Alexa Connell, and a psychiatrist, Dr. Isha Jalnapurkar. In sum, the Defendant's strong and long-standing ties to Worcester County make him a low risk of flight.

These ties to the Worcester community should also alleviate the Court's concern about the Defendant's dangerousness. The Defendant is fortunate to have a strong support network, ready employment, a stable residence, and ready and available mental health support at UMass. At the time of his arrest for this matter, the Defendant was not on probation, parole or awaiting trial on any other matter. Since December 2020 and January 2021, there have been no difficulties with law enforcement and the Defendant's record

consists only of a misdemeanor conviction from the Michigan matter. The Milford matter was dismissed.

The proposed conditions of release will ensure the safety of the community. Law enforcement has already confiscated all ammunition within the Defendant's residence. There is no evidence that he ever possessed an actual firearm, but whatever firearm parts he had in his apartment have also been seized. There is no evidence to believe that the Defendant has purchased firearm components or ammunition within the last year. The Defendant's mental health is monitored by UMass Medical in Worcester and his time is devoted to his work with Trinity Health. Given this positive environment, the proposed conditions will ensure the community's safety as well as his presence at all court dates.

## CONCLUSION

For all of the above reasons, the Defendant respectfully requests that this Court deny the Government's motion for pretrial detention and release him on the conditions stated above, or any conditions this Court finds necessary to reasonably assure his appearance as required and the safety of the community.

          Respectfully Submitted,
          NIAL LUU,
          By His Attorney,

          Sean Michael Smith (680510)
          Murphy & Rudolf, LLP
          446 Main Street
          Worcester, MA 01608
          Phone: (508) 425-6330
          Fax: (508) 536-0834
          smith@murphyrudolf.com

Dated: June 7, 2023